Staples, J.,
concurred in the main in the opinion of Burks, J. He thought, however, that it was premature *to express any opinion as to the lien of the attachment, or in respect to the title of Spilman. These questions should be left open for adjudication in the chancery court.
Spilman applied to the court for a rehearing of the decree.
Burks, J.,
delivered the opinion of the court.
We have considered the motion of t-he ap-pellee, R. R. Spilman, for a rehearing of the decree entered by this court at the former hearing of this cause, and are of opinion that the said decree should be reheard as to the part thereof relating to the claim of said Spilman to the judgment of Corkery & Milward against Hill & Maddox in the appellant’s bill mentioned. We have been favored with notes of counsel on both sides on the motion to rehear, and we deem further argument of counsel unnecessary. As the chancery court, at the hearing, seems not to have passed upon any of the questions in the cause, except the question of jurisdiction, and as from the copies of records and other papers filed with the petition for rehearing, it would seem to be premature for this court in the present condition of the cause to pass finally upon the rights of said Spilman, we have concluded to modify the decree so far as it relates to his claim. But we adhere to the opinion expressed at the former hearing as to the jurisdiction of the chancery court.
The modification will be best effected by setting aside the decree, and in lieu thereof entering another nunc pro tunc, which will be done, and the cause remanded for further proceedings in order to final decree between the parties in conformity with the principles therein declared.
*The decree was as follows:
This day came again the parties by their counsel, and the court having maturely considered the motion of the appellee, R. R. Spilman, for a rehearing of the decree entered by this court in this cause on the 11th day of January, 1878, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said decree should be reheard as to such part thereof and such part only as relates to the claim of said Spilman to the judgment of Corkery & Milward against Hill & Maddox; and the court proceeding now to rehear the same, for the reasons stated in writing and filed as aforesaid, it is decreed and ordered that the said decree be set aside, and in lieu thereof that the following decree be entered nunc pro tunc: “This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid and the arguments of counsel, is of opinion for reasons stated in writing and filed with record, that the partnership property and effects, including the choses in action of the late firm of the appellees, Corkery & Milward, are liable for the pay *568 ment pari passu of the partnership debts and liabilities of the said firm, and that no creditor of said firm is entitled to priority of payment out of said property and effects, or could acquire the right to such priority by attachment or otherwise.
The court is further of opinion,-that the chancery court of the city of Richmond has jurisdiction of the subject matter of the appellant’s bill, and that while the said decree of the chancery court, in so far as it orders that the attachment issued in this cause be abated, is not erroneous; yet that so much of said decree as adjudges, orders and decrees that the bill of the plaintiff (the appellant here) be dismissed, and that the plaintiff (the ^appellant here) pay to the defendants (the appellees here) their cost in this suit incurred and expended, is erroneous. Instead of dismissing the appellant’s bill at the hearing of the cause, the said chancery court should have ordered an account of the partnership effects and assets of the firm of Corkery & Milward and of the debts chargeable therein, and should have directed an inquiry to ascertain whether the judgment of said firm against Hill & Maddox in the appellant’s bill mentioned is the individual property of said Spilman, or a part of the assets of said firm of Corkery & Milward; and upon report made and approved, should have proceeded to decree payment ratably out of said assets, if any, their respective debts to such partnership creditors of said firm, including the appellant, as under the order of account had exhibited and proved their respective demands. It is therefore decreed and ordered, that so much of the said decree of the chancery court of the city of Richmond as is hereinbefore declared to be erroneous be reversed and annullled, and the residue thereof affirmed; and that the appellee, hR. Spilman, pay to the appellants, as the party substantially prevailing here, his costs by him expended in the prosecution of the appeal aforesaid here. And this cause is remanded to the said chancery court of the c;ty of Richmond for further proceedings to be had therein in conformity to this decree and the opinion and principles herein expressed and declared; which is ordered to be certified to the said chancery court.
Decree reversed.